UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER J. VAZQUEZ,

                                    Plaintiff,                  1:21-cv-00330 (BKS/CFH)

v.

DOLLAR GENERAL CORPORATION,

                                    Defendant.
_____

**Appearances:**

*Plaintiff, pro se:*
Christopher J. Vazquez
Amsterdam, NY 12010

*For Defendant:*
Daniel M. Bernstein
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
599 Lexington Avenue, 17th Floor
New York, NY 10022

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff Christopher J. Vazquez pro se filed suit in New York State Supreme Court, Montgomery County, on February 17, 2021, asserting claims for "wrongful treatment of 'employee,'" "wrongful treatment of investigation," and wrongful termination. (*See* Dkt. No. 2 (complaint)). Defendant removed the action to this Court by notice of removal on March 24, 2021, based on diversity jurisdiction. (Dkt. No. 1).[1] Defendant now moves to dismiss the

---

[1] Defendant's notice of removal states the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied because: (1) complete diversity of jurisdiction exists because Plaintiff is a citizen of New York and Defendant is a corporation incorporated in Tennessee and with its principal place of business in Goodlettsville, Tennessee; and (2)

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Dkt. No. 6). The motion is fully briefed. (Dkt. Nos. 9, 10, 12). For the following reasons, Defendant's motion is granted.

## II. FACTS[2]

Plaintiff, who was formerly employed by Defendant at a distribution center, was terminated after an incident occurring on January 27, 2021. (Dkt. No. 2, at 1). Plaintiff's supervisor, Charles Maza, told Plaintiff to drop off his order at the "Truck Door" and then go see Steve, a manager. (Dkt. No. 9, at 1). Steve "decided to completely disregard chain of command" and came up to Plaintiff "aggressively," telling Plaintiff to do "the same thing [Steve] had just told Charles Maza to do." (*Id.*). After Plaintiff asked Steve why he was giving duplicate orders, Plaintiff got onto his jack to drop off his order. (*Id.*). Steve "got upset and put his forearm into [Plaintiff's] chest" and told Plaintiff to get off the jack. (*Id.*; *see also* Dkt. No. 2, at 3 (alleging that one of Defendant's "appointed representatives" put his "hands on" Plaintiff)). Plaintiff states that the reason the incident started was because he was at the end of an aisle "coming into a crossing to enter" the next aisle, and, because he was going to put his load in a slot at the beginning of the next aisle, he did not need to get onto his equipment to enter the crossing but could walk alongside it. (Dkt. No. 12, at 1–2). Plaintiff had eight years of experience in this line of work before being employed by Defendant and was therefore "fully aware" of best practices for the workplace. (Dkt. No. 9, at 1). However, someone who observed Plaintiff enter the

---

Plaintiff's complaint seeks damages of $5,000,000, exceeding the amount-in-controversy requirement. (Dkt. No. 1, ¶¶ 6–10).

[2] The facts are taken from Plaintiff's complaint as well as his opposition and sur-reply submissions to Defendant's motion to dismiss. *See Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170 n.1 (2d Cir. 1998) (per curiam) (deeming a pro se plaintiff's complaint to include the facts contained in his opposition to the defendant's motion to dismiss); *Crum v. Dodrill*, 562 F. Supp. 2d 366, 373–74 & n.13 (N.D.N.Y. 2008) (noting that "the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum," to the extent those materials "are consistent with the allegations in the complaint") (citations omitted).

crossing without getting onto his equipment started "hollering" at Plaintiff and then spoke to Mr. Maza. (Dkt. No. 12, at 2).

Plaintiff alleges that Defendant conducted an "unfair" investigation into the January 27 incident by "ignor[ing] the facts" and "fail[ing] to properly assess the situation." (Dkt. No. 9, at 2). Defendant subsequently fired Plaintiff. (*Id.*). Plaintiff asserts generally that Defendant and its representatives behaved in an "unprofessional" manner and should have "listen[ed] to the people" who worked there. (*Id.* at 1–2). Plaintiff also alleges that Defendant "as a whole allowed this to happen by abusing [its] authority/post." (Dkt. No. 2, at 2–3).

Apart from the January 27 incident, Defendant made "empty promises" to Plaintiff about the possibility of him becoming a trainer. (Dkt. No. 9, at 2). Defendant never made Plaintiff a trainer even though the "entire operation was lacking in leadership AND trainers" and Plaintiff "was ready to move up." (*Id.*). Plaintiff alleges generally that Defendant took an "unprofessional approach" and did not have the "same respect" for Plaintiff that he once had for management. (*Id.*).

### III.   STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that has been filed pro se

"must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

## IV. DISCUSSION

Defendant argues that the complaint should be dismissed for failure to state a claim because none of Plaintiff's purported claims—wrongful treatment of employee, wrongful treatment of investigation, or wrongful termination—is a recognized cause of action under New York law. (Dkt. No. 6-1, at 5). Defendant also argues that dismissal should be with prejudice, as the additional facts contained in Plaintiff's opposition show that "amendment would be futile." (Dkt. No. 10, at 5–6). Plaintiff's opposition and sur-reply generally seek to provide greater explanation of the events underlying his claims. (*See generally* Dkt. Nos. 9, 12).

### A.  Wrongful Treatment and Wrongful Investigation

There is no cause of action under New York law for being treated poorly, unprofessionally, or disrespectfully, nor is there a cause of action for a wrongful investigation. However, New York law does prohibit employers from engaging in unlawful discriminatory practices. New York Human Rights Law provides: "It shall be an unlawful discriminatory practice" for an employer, "because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence," to "discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a). To state a prima facie claim under this law, a plaintiff must allege that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse

4

employment action or was treated differently than other employees, and (4) "the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination." *Harrington v. City of New York*, 70 N.Y.S.3d 177, 179–80 (1st Dep't 2018) (collecting cases); *see also Forrest v. Jewish Guild for the Blind*, 819 N.E.2d 998, 1006 n.3 (N.Y. 2004) (noting that the standards for recovery under New York's Human Rights Law are the same as under Title VII of the Civil Rights Act of 1964).

Here, Plaintiff's submissions allege that he was qualified for his position and that he was subject to an adverse employment action by being fired. (Dkt. No. 9, at 1–2). However, Plaintiff's complaint does not allege that he is a member of one of these listed protected classes, or that Defendant's actions constituted impermissible discrimination against him because of his status in a protected class. Accordingly, the complaint does not state a cognizable claim for unlawful discrimination under New York law.

### B. Wrongful Termination

It is well-settled under New York law that, "absent violation of a constitutional requirement, statute or contract, 'an employer's right at any time to terminate an employment at will remains unimpaired.'" *Sullivan v. Harnisch*, 969 N.E.2d 758, 760 (N.Y. 2012) (quoting *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 91 (N.Y. 1983)). Accordingly, New York does not recognize a cause of action for wrongful discharge of an at-will employee. *See id.*; *see also Wieder v. Skala*, 609 N.E.2d 105, 107 (N.Y. 1992) (noting that an implied covenant of good faith and fair dealing does not exist to limit an employer's right to discharge an at-will employee). There is no exception to this rule for terminations that violate public policy. *Lobosco v. N.Y. Tel. Co./NYNEX*, 751 N.E.2d 462, 464 (N.Y. 2001). However, New York does recognize a claim for wrongful termination of an at-will employee "if there is an express limitation on an

employer's ability to terminate an employee." *Cruz v. HSBC Bank, USA, N.A.*, 5 F. Supp. 3d 253, 257 (E.D.N.Y. 2014) (applying New York law).

Here, Plaintiff's complaint asserts a claim for "wrongful termination." (Dkt. No. 2, at 1). However, Plaintiff's submissions contain no allegations from which it can be inferred that Plaintiff was not an at-will employee or that there was any "express limitation" on Defendant's ability to terminate his employment. (*See generally* Dkt. Nos. 2, 9, 12); *see also Cruz*, 5 F. Supp. 3d at 256 ("[A]n individual employed for an indefinite period of time is presumed to be at-will, and the employment can be terminated at any time by either party."). The complaint nowhere alleges that Defendant violated any other contract, statute, or constitutional provision in terminating Plaintiff. *See Sullivan*, 969 N.E.2d at 760. Accordingly, the complaint does not state a cognizable claim for wrongful discharge under New York law.

## V.   OPPORTUNITY TO AMEND

Ordinarily, a court "should not dismiss" a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Although it does not appear as though Plaintiff has a viable claim for unlawful discriminatory practice or wrongful discharge, in recognition of Plaintiff's status as a pro se litigant and because it may be possible for Plaintiff to assert a cognizable claim for discriminatory employment practice or wrongful discharge with better pleading, Plaintiff is granted leave to amend.

Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order. Any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any

pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks and citations omitted)).

## VI.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 2) is **DISMISSED without prejudice** in its entirety; and it is further

**ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date of this Order, the Clerk is directed to dismiss the complaint and close this case without further order; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge