**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER J. VAZQUEZ,

                Plaintiff,                1:21-cv-330 (BKS/CFH)

v.

DOLLAR GENERAL CORPORATION,

                Defendant.

**Appearances:**

*Plaintiff, pro se:*
Christopher J. Vazquez
Amsterdam, NY 12010

*For Defendant:*
Daniel M. Bernstein
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
599 Lexington Avenue, 17th Floor
New York, NY 10022

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Christopher J. Vazquez pro se filed suit in New York State Supreme Court, Montgomery County, asserting claims for "wrongful treatment of 'employee,'" "wrongful treatment of investigation," and wrongful termination. (*See* Dkt. No. 2 (complaint)). Defendant removed the action to this Court and moved to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Dkt. Nos. 1, 6). On September 27, 2021, the Court granted Defendant's motion to dismiss, finding that Plaintiff had

failed to state a cognizable claim under New York law. (Dkt. No. 14).[1] In "recognition of Plaintiff's status as a pro se litigant," the Court granted Plaintiff leave to amend his complaint within 30 days from the date of its decision and ordered that Plaintiff's case be closed if he did not file an amended complaint within that time. (*Id.* at 6–7).

Plaintiff did not file an amended complaint within 30 days of the Court's decision granting Defendant's motion to dismiss. On November 4, 2021, the Court entered judgment dismissing Plaintiff's complaint without prejudice in its entirety and closed the case. (Dkt. No. 15). Presently before the Court is Plaintiff's letter, filed on November 29, 2021, stating that he "disagree[s]" with the "decision to dismiss [his] complaint." (Dkt. No. 16). The Court construed this letter, in the light most favorable to Plaintiff, as a motion for relief from judgment under Federal Rule of Civil Procedure 60. (Dkt. No. 17). On December 20, 2021, Plaintiff filed a letter motion "to add emotional distress and abuse of process" to his lawsuit. (Dkt. No. 20). Defendant opposes both of Plaintiff's motions. (Dkt. Nos. 18, 21).[2] For the following reasons, Plaintiff's motions are denied.

## II. DISCUSSION[3]

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment or order based upon any of the specific grounds set forth in subparagraphs (1) through (5) or upon "any other reason that justifies relief" under subparagraph (6). A party seeking to prevail under Rule 60(b)(6) must "demonstrate that 'extraordinary circumstances' warrant

---

[1] *Vazquez v. Dollar General Corp.*, No. 21-cv-330, 2021 WL 4407817, 2021 U.S. Dist. LEXIS 183936 (N.D.N.Y. Sept. 27, 2021). The Court has provided the pro se Plaintiff with a copy of the unpublished decisions cited in this memorandum-decision.

[2] On January 25, 2022, Plaintiff also filed a letter requesting that his case be "resolved by February 15th." (Dkt. No. 22).

[3] The Court assumes familiarity with the procedural and factual history of this case, as set out in the Court's September 27, 2021 memorandum decision and order. (Dkt. No. 14).

2

relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted); *see Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) ("[I]t is well established . . . that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances' or 'extreme hardship.'" (citation omitted)). "The Second Circuit routinely finds that Rule 60(b)(6) motions that simply seek to relitigate all issues presented in an action or argue that the district court's decisions were wrong are not sufficiently 'extraordinary' to warrant relief under Rule 60(b)(6)." *Dolan v. Select Portfolio Servicing, Inc.*, No. 03-cv-3285, 2017 WL 4357336, at *8, 2017 U.S. Dist. LEXIS 161829, at *20 (E.D.N.Y. Sept. 29, 2017) (collecting cases).

Plaintiff's Rule 60(b) motion has been construed as seeking relief from the Court's final judgment dismissing his complaint entered on November 4, 2021. (*See* Dkt. No. 15). Plaintiff's motion does not identify any mistake, newly discovered evidence, fraud, or other possible ground for relief under Rule 60(b)(1) through (b)(5). (*See generally* Dkt. No. 16). Plaintiff's motion also does not explain why he did not either file an amended complaint, or seek an extension of time to file an amended complaint, when given the opportunity to do so.

Moreover, having reviewed all of Plaintiff's submissions, the Court finds that his motion must be denied because he has wholly failed to satisfy the high standard for relief under Rule 60(b)(6). Plaintiff's submissions simply rehash the factual allegations underlying his original complaint, which the Court already determined do not state a cognizable claim. It is well-settled that a Rule 60(b)(6) motion that simply seeks to relitigate issues already presented to and addressed by the Court does not demonstrate "extraordinary circumstances" that would justify relief from judgment. *See Dolan*, 2017 WL 4357336, at *8, 2017 U.S. Dist. LEXIS 161829, at *20 (E.D.N.Y. Sept. 29, 2017) (collecting cases); *Munger v. Cahill*, No. 16-cv-728, 2018 WL 6487881, at *2, 2018 U.S. Dist. LEXIS 207685, at *2–3 (N.D.N.Y. Dec. 10, 2018) (denying

Rule 60(b)(6) motion where the plaintiff "cites evidence and arguments already considered by the Court" and "simply seeks to relitigate his claim").[4] The Court therefore finds that no extraordinary circumstances which would warrant relief from judgment are present and Plaintiff's Rule 60 motion must be denied.

The Court also denies Plaintiff's letter motion requesting to "add" to his lawsuit, which the Court construed as requesting leave to file an amended complaint. (*See* Dkt. No. 20). "A party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside" pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). Because the Court denies Plaintiff's Rule 60(b) motion seeking relief from final judgment, Plaintiff's request for leave to file an amended complaint is also denied.

### III.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter motion requesting leave to file an amended complaint (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter request that the case be resolved by February 15, 2022 (Dkt. No. 22), is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

---

[4] To the extent Plaintiff's motion could be construed as asserting new allegations or claims, a Rule 60 motion is not a proper vehicle for asserting such allegations or claims. *See Weisshaus v. Port Auth. of N.Y. & N.J.*, 497 F. App'x 102, 106 (2d Cir. 2012) (declining to address any claims the plaintiff "raised for the first time in his Rule 60(b) motion").

**IT IS SO ORDERED.**

Dated: <u>January 31, 2022</u>
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge